**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RAMIRO LUCAS VAIL,<br>*Petitioner*,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>*Respondents* | Case No. 8:26-cv-02371-ABA |

**MEMORANDUM OPINION**

Petitioner Ramiro Lucas Vail ("Petitioner" or "Mr. Lucas Vail") has filed a motion to enforce the Court's prior order requiring that he receive a bond hearing (the "Bond Hearing Order"). *See* ECF Nos. 9, 15. For the reasons outlined below, the Court concludes that the immigration judge who conducted the bond hearing in this case complied with that order, and the Court otherwise lacks jurisdiction to review the immigration judge's decision to deny bond. Accordingly, the Court will deny Petitioner's motion and close this case.

## I. BACKGROUND

On June 12, 2026, Petitioner, a 44-year-old native and citizen of Guatemala, was pulled over and detained by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1 ¶¶ 1–2. That same day, Petitioner filed a petition for a writ of habeas corpus in this Court. ECF No. 1. On June 25, upon reviewing the petition and a joint notice filed by the parties, ECF No. 8, the Court granted the petition in part and ordered, in relevant part, that "[a] bond hearing shall be held within ten (10) days of Petitioner's filing of a motion with the Immigration Court," and that the hearing "must comply in all respects with the

regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to these provisions.” ECF No. 9 ¶¶ 4–5.

On July 17, Petitioner filed a Motion for Bond Redetermination before the Batavia Immigration Court. *See* ECF No. 15-1. A bond hearing was held on July 20. *See* ECF No. 15-2 at 2. At the bond hearing, the immigration judge orally denied bond based on “flight risk” because Petitioner has a criminal record albeit old, has been deported once and subsequently illegally reentered the United States, his partner presumably has no legal status, he does not have any assets in the United States, and he has avoided the need to appear in immigration court because he has “stayed under the radar.” ECF No. 14 at 9:56–11:51. The immigration judge issued a written order that same day. ECF No. 15-2 at 2. Petitioner then filed a motion to enforce this Court’s Bond Hearing Order (ECF No. 15). Respondents filed an opposition (ECF No. 18), and Petitioner filed a reply (ECF No. 19). On September 19, Respondents filed a notice that on August 18, an immigration judge ordered Petitioner removed to his home country of Guatemala, and ICE intends to execute that order. ECF No. 21. Petitioner filed a response to that notice (ECF No. 22).[1]

## II. DISCUSSION

Petitioner argues that he did not receive an “individualized determination of whether continued detention is necessary based upon the particular facts of the respondent’s case” as required by the Bond Hearing Order, which required that he receive a bond hearing that complies “in all respects with the regulations at 8 C.F.R. §§

[1] Respondents argue that in light of the final order, the pending habeas proceedings are moot. ECF No. 21 at 2. Because the Court will deny Petitioner’s motion to enforce and close this case, it does not reach Respondents’ mootness argument.

236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to these provisions." ECF No. 15 at 6; ECF No. ECF No. 9 ¶ 5. Petitioner further argues the bond hearing was "constitutionally defective." ECF No. 15 at 9. Before addressing these arguments, however, the Court must first evaluate whether it has jurisdiction over these claims. For the reasons outlined below, the Court concludes it does not.

In the Bond Hearing Order, the Court held that Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226. Section 1226(e) states that:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). This provision precludes a petitioner from "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release," but not does not bar "challenges [to] the statutory framework that permits [a petitioner's] detention without bail." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *see also Miranda v. Garland*, 34 F.4th 338, 352 (4th Cir. 2022) (holding that § 1226(e) bars review of "a specific act or decision regarding bond or parole decisions" but not "a constitutional challenge to" the "categorical, across-the-board nature" of a regulation). As this Court has previously explained, "both the plain text of § 1226(e) and binding precedent indicate that federal courts lack jurisdiction to review discretionary determinations regarding bond." *Blanco De Villatoro v. Bondi*, Case No. 26-cv-493-ABA, 2026 WL 1615264, at *3 (D. Md. June 4, 2026).

Petitioner argues that his claims "fall on the reviewable side of" § 1226(e) because this Court "necessarily retained authority to determine whether the proceeding Respondents . . . provided satisfied" the Bond Hearing Order. ECF No. 19 at 3. Petitioner argues that the "defect [in the bond hearing] is that the reasoning actually given [by the immigration judge] demonstrates that the ultimate flight-risk determination rested substantially upon generalized assumptions and speculation rather than an individualized determination concerning Petitioner." *Id.* In particular, Petitioner takes issue with the fact that the immigration judge relied on, among other thing, Petitioner's "prior removal," his "unlawful reentry into the United States," his "lengthy unlawful presence," and his "lack of significant assets" instead of "explaining why Petitioner's extensive favorable equities failed to reasonably assure his future appearance." ECF No. 15 at 7–8. This Court lacks jurisdiction to review an immigration judge's weighing of the relevant factors in making an individualized bond determination. *See Miranda,* 34 F.4th at 362 (explaining that immigration judges have wide discretion "to decide which factors are relevant in determining if an alien is entitled to bond, and, if so, how much bond should be imposed"); *see also In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) ("An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable."). Petitioner argues that § 1226(e) does not apply because it does not "foreclose judicial consideration of constitutional claims or questions concerning the statutory framework governing detention," and he argues his claim is constitutional. ECF No. 19 at 2–3. But here, having reviewed the full transcript of the hearing before the immigration judge and Petitioner's motion in this Court challenging the immigration judge's denial of

bond, it is clear that Petitioner does not challenge "a statutory framework," *Jennings*, 583 U.S. at 295, or the "categorical, across-the-board nature" of a statue or regulation, *Miranda*, 34 F.4th at 352, but rather challenges the immigration judge's discretionary consideration of the facts and weighing of the relevant factors. That is, he challenges the immigration judge's "specific act or decision regarding bond." *Miranda*, 34 F.4th at 352.

Accordingly, the Court does not have jurisdiction to review Petitioner's claims. Although this Court's jurisdiction to review the immigration judge's denial of bond is limited by statute, Petitioner may separately have a right to appeal to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.19(f) ("An appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals.").

## III. CONCLUSION

For these reasons, the Court will deny the motion to enforce the Bond Hearing Order and order the Clerk of the Court to close the case. A separate order follows.

Date: October 20, 2026

/s/
Adam B. Abelson
United States District Judge